UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| ROCKETT WILLIAMS | CIVIL ACTION |
| VERSUS | |
| UNITED PARCEL SERVICES, INC., ET AL. | 17-483-SDD-RLB |

## RULING

This matter is before the Court on the *Motion to Dismiss and Alternative Motion for More Definite Statement*[1] by Defendant, Southern Tire Mart, LLC ("Southern Tire" or "Defendant"). Plaintiff, Rockett Williams ("Williams" or "Plaintiff"), has filed an *Opposition*[2] to this motion. For the following reasons, the Court finds that the Defendant's motion should be denied at this time.

**I.   FACTUAL BACKGROUND**[3]

In her *Petition*,[4] Williams alleges that on June 27, 2016, she experienced "tire failure" while driving a delivery truck for her employer which caused her to wreck and sustain injuries.[5] As a result of the wreck, Williams filed suit in the 23rd Judicial District Court against Southern Tire, United Parcel Service, Inc. ("UPS"), and Bridgestone Bandag, LLC ("Bridgestone").[6] Williams alleges violations of the Louisiana Products

---

[1] Rec. Doc. No. 4.
[2] Rec. Doc. No. 31.
[3] The facts are derived from Plaintiff's *Petition* (Rec. Doc. No. 1-5) and the Parties' memoranda.
[4] Rec. Doc. No. 1-5.
[5] Rec. Doc. No. 4-1, p. 1.
[6] Rec. Doc. No. 1-5.
44125

Liability Act[7] and Louisiana state law negligence.[8] In particular, Williams claims that Southern Tire defectively reconditioned, remanufactured, and/or refurbished a tire from Bridgestone and installed it on the UPS delivery truck she was driving on the date of the accident.[9] Southern Tire now moves to dismiss Williams' claims under Rule 12(b)(6), or in the alternative, moves for a more definite statement under Rule 12(e). This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332.[10] Because subject matter jurisdiction in this case is based on diversity of citizenship, the substantive law of Louisiana governs this dispute.[11]

## II. LAW AND ANALYSIS

### A. Motion to Dismiss Under Rule 12(b)(6)

When deciding a Rule 12(b)(6) motion to dismiss, "[t]he 'court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'"[12] The Court may consider "the complaint, its proper attachments, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice."[13] "To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'"[14] In *Twombly*, the United States Supreme Court set forth the basic criteria necessary for a complaint to survive a Rule 12(b)(6) motion to dismiss. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does

---

[7] La. R.S. 9:2800.51, *et seq.*
[8] Rec. Doc. No. 1-5, p. 4.
[9] Rec. Doc. No. 31, p. 2.
[10] Rec. Doc. No. 1, pp. 2-3.
[11] *See Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938).
[12] *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007)(quoting *Martin v. Eby Constr. Co. v. Dallas Area Rapid Transit,* 369 F.3d 464, 467 (5th Cir. 2004)).
[13] *Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011).
[14] *In re Katrina Canal Breaches Litigation*, at 205 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)).
44125

not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."[15] A complaint is also insufficient if it merely "tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"[16] However, "[a] claim has facial plausibility when the plaintiff pleads the factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[17] In order to satisfy the plausibility standard, the plaintiff must show "more than a sheer possibility that the defendant has acted unlawfully."[18] "Furthermore, while the court must accept well-pleaded facts as true, it will not 'strain to find inferences favorable to the plaintiff.'"[19] On a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation."[20]

### B. The LPLA – Design Defect Claim

The LPLA establishes the exclusive theory of liability for manufacturers regarding damages caused by their products. The applicable standard under the LPLA is as follows: "The manufacturer of a product shall be liable to a claimant for damage proximately caused by a characteristic of the product that renders the product unreasonably dangerous when such damage arose from a reasonably anticipated use of the product by the claimant or another person or entity."[21] Thus, to maintain a successful claim under

---

[15] *Twombly*, 550 U.S. at 555 (internal citations and brackets omitted).
[16] *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009)(internal citations omitted).
[17] *Id.* at 678.
[18] *Id.*
[19] *Taha v. William Marsh Rice University*, 2012 WL 1576099 at *2 (quoting *Southland Sec. Corp. v. Inspire Ins. Solutions, Inc.*, 365 F.3d 353, 361 (5th Cir. 2004).
[20] *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986)).
[21] La. R.S. 9:2800.54(A).
44125

the LPLA, a claimant must establish four elements: (1) that the defendant is a manufacturer of the product; (2) that the claimant's damage was proximately caused by a characteristic of the product; (3) that this characteristic made the product "unreasonably dangerous;" and (4) that the claimant's damage arose from a reasonably anticipated use of the product by the claimant or someone else.[22]

A product is "unreasonably dangerous" under the LPLA in one of four ways: (1) construction or composition; (2) design; (3) inadequate warning; or (4) failure to conform to an express warranty.[23] The "unreasonably dangerous" characteristic must exist at the time the product left the manufacturer's control or result from a reasonably anticipated modification or alteration of the product.[24] Louisiana law does not permit a factfinder "to presume an unreasonably dangerous condition solely from the fact that injury occurred."[25] Rather, the claimant has the burden of proving the required elements under the LPLA.[26]

### 1. The LPLA is Exclusive

As an initial matter, if Plaintiff is alleging that Southern Tire is a manufacturer, all of the non-LPLA claims against it must be dismissed. The LPLA establishes the exclusive theory of liability for manufacturers for damages caused by their products.[27] "A claimant may not recover from a manufacturer for damage caused by a product on the basis of any theory of liability that is not set forth in" the LPLA.[28] Therefore, if Plaintiff's theory of

---

[22] *Ayo v. Triplex, Inc.*, 457 F. App'x 382, 385-86 (5th Cir. 2012)(citing *Jack v. Alberto–Culver USA, Inc.*, 949 So.2d 1256, 1258 (La. 2007) (citing La. R.S. 9:2800.54(A)).
[23] La. R.S. § 9:2800.54(B).
[24] *Id.* § 2800.54(C).
[25] *Woodling v. Hubbell Inc.,* 35 F. App'x 386, *4 (5th Cir. 2002)(citing *Krummel v. Bombardier Corp.*, 206 F.3d 548, 551 (5th Cir. 2000) (quoting *McCarthy v. Danek Med., Inc.*, 65 F.Supp.2d 410, 412 (E.D.La.1999)).
[26] La. R.S. 9:2800.54(D).
[27] La. R.S. 9:2800.52.
[28] *Id.*

44125

liability as to Southern Tire is based upon breach of the LPLA, any claim of state law negligence is improper. Accordingly, any state law negligence claims are dismissed with prejudice.

        2. <u>Establishing a Design Defect Claim</u>

Under Section 9:2800.56 of the LPLA, a product is unreasonably dangerous in its design if, when the product left the manufacturer's control: (1) there existed an alternative design for the product that was capable of preventing the claimant's damage; and (2) the likelihood that the product's design would cause the claimant's damage and the gravity of that damage outweighed the burden on the manufacturer of adopting such alternative design and the adverse effect, if any, of such alternative design on the utility of the product.

This test requires a plaintiff to prove both "that an alternative design existed" at the time the product was manufactured and "that the risk avoided by using the alternative design (magnitude of damage discounted by the likelihood of its occurrence) would have exceeded the burden of switching to the alternative design (added construction costs and loss of product utility)."[29]

Plaintiff's *Petition* alleges that Southern Tire "was engaged in the business of designing, remanufacturing, assembling, and selling remanufactured tires."[30] Specifically, Plaintiff alleges that Southern Tire remanufactured, reconditioned, refurbished, and/or retreaded a tire purchased from Bridgestone and resold and installed this tire on the UPS

---

[29] *Roman v. W. Mfg., Inc.*, 691 F.3d 686, 700-01 (5th Cir. 2012) (citing *Lawrence v. Gen. Motors Corp.*, 73 F.3d 587, 590 (5th Cir. 1996)).
[30] Rec. Doc. No. 1-5, p. 2.
44125

delivery truck driven by Plaintiff on the date of the alleged incident.[31] Plaintiff further alleges that Southern Tire "failed to design or incorporate into their design and remanufacturing process sufficient safety mechanisms to prevent tires from failure and causing damage."[32]

Defendant contends these allegations fail to state a claim because Plaintiff does not allege that there was an alternative design capable of preventing the claimant's damage.[33] Defendant further contends that Plaintiff fails to state a claim because there are no allegations as to how the tire was defectively designed, manufactured, or refurbished, or which safety mechanisms were not incorporated.[34] Lastly, the Defendant argues that Plaintiff's *Petition* is absent of any facts that identify the type or size of the tire, the location where it was purchased, any reasonable window of time of which it was purchased, or when the tire was refurbished.[35] In support of its argument, Defendant relies on several cases where plaintiffs failed to meet the pleading requirements of claims under the LPLA.[36]

After reviewing the Parties' arguments, Plaintiff's *Petition*, and applicable law, the Court finds that the only facts clearly alleged are that Southern Tire is a manufacturer under the LPLA and that it is liable under that statute. Additionally, Plaintiff has failed to allege facts that demonstrate under which LPLA theory Southern Tire is liable. Plaintiff does allege that Southern Tire's remanufacturing process is defectively designed,

---

[31] *Id.* at pp. 2-3.
[32] *Id.* at p. 5.
[33] Rec. Doc. No. 4-1, p. 8.
[34] *Id.*
[35] *Id.*
[36] *See Lewis v. Baxter International Inc.,* 2017 WL 661324 No. CV 16-16391, 2017 WL 661324 (E.D. La. Feb. 17, 2017); *Lucas v. City of Visalia*, 726 F. Supp. 2d 1149, 1153 (E.D. Cal. 2010); *Funk v. Stryker Corp.,* 631 F.3d 777 (5th Cir. 2011); and *Ayala v. Enerco Grp., Inc.,* 569 F. App'x 241 (5th Cir. 2014).
44125

although no specific design defect is identified.[37] However, the *Petition* goes on to allege that the tire was unreasonably dangerous in construction and composition, design, because of inadequate warnings, and the product did not conform to express warranties in general.[38] Simply stated, Plaintiff has failed to plead more than conclusory allegations that Southern Tire violated the LPLA. Moreover, Plaintiff's *Opposition* to the current *Motion* fails to resolve any ambiguity as to the theory of liability under the LPLA. If Plaintiff is asserting a design defect claim against Southern Tire, she has failed to allege "that an alternative design existed" at the time the product was manufactured and "that the risk avoided by using the alternative design (magnitude of damage discounted by the likelihood of its occurrence) would have exceeded the burden of switching to the alternative design (added construction costs and loss of product utility)." In accordance with precedent of this Court[39] and others, the Court finds that Plaintiff has not alleged sufficient facts to state a claim under the LPLA. Nevertheless, the Court finds that Plaintiff should be given leave to amend her Complaint for the following reasons.

### C. Motion for More Definite Statement Under Rule 12(e)

In the alternative, Southern Tire has moved for a more definite statement under Rule 12(e). Federal Rule of Civil Procedure 12(e) provides that a motion for more definite statement may be filed when "... a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading..." The standard for evaluating a motion for more definite statement

---

[37] Rec. Doc. No. 1-5, p. 5; Rec. Doc. No. 31, p. 3.
[38] Rec. Doc. No. 1-5, p. 7.
[39] *See Crochet v. Bristol-Myers Squibb,* No. CV 16-36-SDD-EWD, 2016 WL 3580670 (M.D. La. June 28, 2016).
44125

is whether the complaint "is so excessively vague and ambiguous as to be unintelligible and as to prejudice the defendant seriously in attempting to answer it."[40]

When evaluating a motion for more definite statement, the Court must assess the complaint in light of the minimal pleading requirements of Rule 8 of the Federal Rules of Civil Procedure, which provides in pertinent part: "A pleading which sets forth a claim for relief ... shall contain ... a short and plain statement of the claim showing the pleader is entitled to relief... ." Federal Rule of Civil Procedure 9(f), which should be read in conjunction with Rule 8, states that averments of time and place are material for the purpose of testing the sufficiency of a pleading; specific pleading of these averments, however, is not required.

Given the liberal pleading standard set forth in Rule 8, Rule 12(e) motions are disfavored.[41] Nevertheless, the Supreme Court has noted that "[i]f a pleading fails to specify the allegations in a manner that provides sufficient notice," then a Rule 12(e) motion may be appropriate.[42] In deciding whether to grant a Rule 12(e) motion, the trial judge is given considerable discretion.[43]

Defendant argues that it is unclear from Plaintiff's allegations whether she is alleging that Defendant is a Manufacturer within the context of the LPLA or a non-

---

[40] *Babcock & Wilcox Co. v. McGriff, Seibels & Williams, Inc.*, 235 F.R.D. 632, 633 (E.D. La. 2006)(quoting *Advanced Communications Technologies, Inc. v. Li,* No. 05 Civ. 4628, 2005 WL 3215222, at *3 (S.D.N.Y. Nov. 30, 2005) (citing *Bower v. Weisman*, 639 F.Supp. 532, 538 (S.D.N.Y.1986))(internal quotation marks omitted).
[41] *See Mitchell*, 269 F.2d at 132; *Gibson v. Deep Delta Contractors, Inc.*, No. Civ. A. 97–3791, 2000 WL 28174, *6 (E.D.La. Jan. 14, 2000).
[42] *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002).
[43] *Newcourt Leasing Corp. v. Regional Bio–Clinical Lab, Inc.*, No. Civ. A. 99–2626, 2000 WL 134700, *1 (E.D.La. Feb. 1, 2000).

manufacturing seller.[44] As such, Defendant requests that this Court order the Plaintiff to provide a more definite statement under Rule 12(e).

In response, Plaintiff requests leave to amend her complaint in order to cure any potential deficiencies. Courts should ordinarily grant a Plaintiff at least one opportunity to amend before dismissing a complaint with prejudice for failure to state a claim.[45] Accordingly, the Court will afford Plaintiff thirty (30) days to amend her Complaint to address the factual deficiencies discussed herein.

### III. CONCLUSION

For the reasons set forth above, the *Motion to Dismiss and Alternative Motion for More Definite Statement*[46] by Defendant, Southern Tire Mart, LLC is DENIED in part and GRANTED in part. Plaintiff's state law claims against Southern Tire are DISMISSED with prejudice as the LPLA is the exclusive remedy for products liability claims. The *Motion to Dismiss* the LPLA claim is DENIED. The *Alternative Motion for More Definite Statement* is GRANTED. Plaintiff has 30 days to file an Amended Complaint to cure the deficiencies as to her claims under the LPLA or to assert claims as to a non-manufacturing seller.

**IT IS SO ORDERED.**

Signed in Baton Rouge, Louisiana on <u>March 7, 2018</u>.

*/s/ Shelly D. Dick*

**JUDGE SHELLY D. DICK
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**

---

[44] Rec. Doc. No. 4-1, p. 11.
[45] *Hart v. Bayer Corp.,* 199 F.3d 239, 247 n.6 (5th Cir. 2000).
[46] Rec. Doc. No. 4.
44125